UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| MICHELLE LYN HOGQUIST, | Case No. 19-CV-2472-WMW-KMM |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| THE STATE OF MINNESOTA, U.S.; ROY WARMBOLD, City of Isanti Police Department; KRISTEN C. LARSEN, Anoka County Judge; JENNIFER WALKER JASPER, Anoka County Judge; ERIC PETERSON, Chief of Police, Anoka Police Department; J. SORTEBERG, Arresting Officer, Anoka Police Dep't; and SGT. MICHAEL WHITAKER, Anoka Police Dep't Police Officer, | |
| Defendants. | |

Plaintiff Michelle Lyn Hogquist alleges that her civil rights were violated during state judicial proceedings that resulted in her arrest and brief detention. Based on those allegations, Ms. Hogquist seeks monetary relief from the State of Minnesota, two state-court judges involved in her case, and four law-enforcement officials. Because Ms. Hogquist's claims seek relief from defendants immune from such relief or are otherwise frivolous, it is recommended that this matter be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B); *Mallard v. U.S. Dist. Court*, 490 U.S. 296, 307-08 (1989) (explaining that the federal IFP statute "authorizes courts to dismiss a 'frivolous' . . . action, but there is little doubt they would have power to do so even in the absence of this statutory

1

provision"); *Porter v. Fox*, 99 F.3d 271, 273 (8th Cir. 1996) (observing that district courts may *sua sponte* dismiss a frivolous complaint prior to service).

As an initial matter, Ms. Hogquist seeks relief under a variety of federal statutes, but most of these statutes are *criminal* rather than *civil* in nature. *See* Compl. at 3 [ECF No. 1]. "[A] private citizen who is not a federal prosecutor has no authority to bring criminal charges against anyone in a federal court." *Kerns v. Smith*, No. 8:06-CV-39, 2006 WL 2711598, at *1 (D. Neb. Sept. 21, 2006). Moreover, "'[t]he Supreme Court historically has been loath to infer a private right of action from a bare criminal statute, because criminal statutes are usually couched in terms that afford protection to the general public instead of a discrete, well-defined group.'" *Frison v. Zebro*, 339 F.3d 994, 999 (8th Cir. 2003) (quoting *Doe v. Broderick*, 225 F.3d 440, 447-48 (4th Cir. 2000). None of the many federal criminal statutes listed by Ms. Hogquist in her pleading are among the rare few for which a private right of action has been inferred, and none explicitly provides for one. Any claims brought pursuant to these criminal statutes are therefore frivolous as a matter of law, and should be dismissed.

Although other legal provisions are mentioned in the complaint, the crux of Ms. Hogquist's pleading is that her constitutional rights were violated and that she is therefore entitled to relief under 42 U.S.C. § 1983.[1]  Unlike most of the other statutes mentioned by

---

[1] Ms. Hogquist also refers to 42 U.S.C § 14141 in her pleading, but this civil statute — which prohibits "the administration of juvenile justice or the incarceration of juveniles that deprives persons of rights, privileges, or immunities secured or protected by the Constitution or laws of the United States" and is now coded at 34 U.S.C. § 12601 — appears to be irrelevant to this case (Ms. Hogquist is not a juvenile) and, by its express

Ms. Hogquist, § 1983 is civil in nature. Other obstacles, however, preclude Ms. Hogquist from recovering under § 1983 in this action.

First, § 1983 permits recovery only against "person[s]." "[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). A plaintiff cannot seek relief against the State of Minnesota under § 1983. Accordingly, any claims brought by Ms. Hogquist against the State of Minnesota must be dismissed.

Second, Ms. Hogquist seeks relief from two state-court judges for actions taken by those defendants pursuant to their official judicial duties. But it is well established that judges are protected by absolute immunity for their judicial actions. *See, e.g.*, *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967) ("Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction."); *Stump v. Sparkman*, 435 U.S. 349, 355 (1978). Ms. Hogquist's claims, at bottom, are that the two judges should not have conducted judicial proceedings in the matter that they did (including the ordering of temporary detention). These decisions, however, fall squarely within the judicial domain, and the judicial defendants are therefore entitled to immunity.

This leaves only the claims brought against the four law-enforcement officials pursuant to § 1983. The specifics of these claims are not entirely clear. One of the claims — the claim brought against defendant Roy Warmbold — appears to relate to an

---

terms, does not supply a private right of action. *See* 34 U.S.C. § 12601(b); *Horde v. Elliot*, No. 17-CV-0800 (WMW/SER), 2018 WL 987683, at *10 (D. Minn. Jan. 9, 2018).

arrest made in 2000, during which (Ms. Hogquist alleges) Mr. Warmbold employed excessive force against her.  *See* Compl. at 5.  The statute of limitations for actions under 42 U.S.C. § 1983 in Minnesota is six years.  *See Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 618 n.5 (8th Cir. 1995) ("In Minnesota, § 1983 claims are governed by the six-year limitations period of Minnesota's personal-injury statute.").  It is far too late for Ms. Hogquist to seek relief for an incident that occurred 19 years before the filing of the complaint in this action.

    Ms. Hogquist's claims against the remaining three law-enforcement officials are not similarly time-barred, but they are similarly frivolous.  Ms. Hogquist seeks relief against those officials on the grounds that there was no lawful basis upon which to arrest or detain her.  But at the same time, Ms. Hogquist acknowledges that the arrest and detention at issue in this matter were effected either pursuant to a judicial order or Minn. Stat. § 518B.01.  Under these circumstances, it is hard to see how the law-enforcement officials could have acted with the necessary intent under § 1983 to violate Ms. Hogquist's constitutional rights.  In any event, the state criminal proceedings pursuant to which the arrest was made remain ongoing.  *See State of Minnesota v. Hogquist*, No. 02-CR-19-490 (Minn. Dist. Ct. 2019), Pl. Ex. at 1 [ECF No. 1-1].  Thus, even if dismissal of the claims as frivolous were not necessary at this stage, abstention from further consideration of the claims would be, *see Younger v. Harris*, 401 U.S. 37 (1971): the officers cannot be faulted for the arrest if they had probable cause to effect that arrest, and a conviction in state could would be sufficient to prove probable cause.  *See Brown v. Willey*, 391 F.3d 968, 969 (8th Cir. 2004).

Finally, Ms. Hogquist seeks relief under state law. Many of her state-law claims suffer from the same infirmities as the federal-law claims — for example, Ms. Hogquist refers to several criminal (rather than civil) statutes — but more importantly for purposes of this Recommendation, the Eighth Circuit has instructed district courts to not exercise supplemental jurisdiction over state-law claims where, as recommended here, all federal claims are dismissed prior to trial. *See Hervey v. County of Koochiching*, 527 F.3d 711, 726-27 (8th Cir. 2008). No basis for original jurisdiction over the state-law claims is pleaded in the complaint. Accordingly, the state-law claims must also be dismissed.

For all these reasons, it is recommended that this matter be dismissed without prejudice.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMNEDED THAT:

1. This matter be DISMISSED WITHOUT PREJUDICE.

2. The application to proceed *in forma pauperis* of plaintiff Michelle Lyn Hogquist [ECF No. 2] be DENIED AS MOOT.

Date: January 29, 2020           *s/Katherine Menendez*
                                  Katherine Menendez
                                  United States Magistrate Judge

## **NOTICE**

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  *See* Local Rule 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).